983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jean DeBLOCK, Plaintiff-Appellant,
v.
A.V. McDOWALL, Judge, Defendant-Appellee.
 No. 92-5884.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1992.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Jean DeBlock, pro se, appeals a district court order dismissing her case which she filed as a "civil rights" action, with jurisdiction alleged under 28 U.S.C. § 1331. The defendant is a referee for the Shelby County Juvenile Court in Tennessee.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In her complaint, DeBlock alleged that the defendant, while serving as a judge in the county juvenile court, made certain decisions which violated her "civil rights." DeBlock disagreed with certain evidentiary rulings made by McDowall during the hearing on her visitation rights with her grandchild. Initially, a magistrate judge found DeBlock's complaint failed to state a constitutional claim and was insufficient to establish proper jurisdiction in federal court. However, the magistrate judge allowed DeBlock to amend her complaint to show that federal jurisdiction was proper and to meet the requirements for pleading under Fed.R.Civ.P. 8(a)(2). The district court, liberally construing the allegations to accept jurisdiction under 28 U.S.C. § 1331, nevertheless found that the defendant was entitled to absolute immunity. On appeal, DeBlock sets forth the same arguments presented to the district court and requests the appointment of counsel.
 
 
 4
 Upon review, this court concludes that the district court properly held that it lacked subject matter jurisdiction. The defendant is absolutely immune from this civil action for damages, because his alleged unconstitutional acts were performed pursuant to his adjudicative function within the judicial system. Briscoe v. LaHue, 460 U.S. 325, 329-36 (1983); Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Therefore, it was within the court's discretion to dismiss the case for lack of subject matter jurisdiction, as the claims were obviously without merit, totally implausible and insubstantial, in light of the alleged facts and circumstances. Hagans v. Lavine, 415 U.S. 528, 536-37 (1974).
 
 
 5
 Accordingly, DeBlock's request for counsel is hereby denied, and the district court's order dismissing this case is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.